UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEXANDER MARKS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID SAXE PRODUCTIONS, LLC., *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:17-cv-02110-KJD-DJA<br><br>**ORDER** |

Presently before the Court is Defendants' Motion for Summary Judgment (ECF No. 41). Plaintiff Alexander Marks filed a response in opposition (ECF No. 44), to which Saxe replied (ECF No. 45).

**I.     Background**

Defendant David Saxe hired Marks as in-house general counsel for Defendant David Saxe Productions, LLC ("Saxe") in April 2015, as a salaried employee. Compl. ¶¶ 14–15, ECF No. 1, Ex. 1. Besides overseeing certain departments within the company, Marks' responsibility included ensuring Saxe was compliant with fair labor practices. Mot. for Summ. J. 4, ECF No. 41. In September 2015, Marks announced his intention to run for political office. Id. Although Saxe supported Marks' aspirations, Saxe claimed he was concerned about Marks' ability to focus on his work while also campaigning. Id.

Although Marks worked on his campaign while at the office, he claimed it did not interfere with completing his assignments for Saxe. Marks Dep. 27:6-23, ECF No. 41, Ex. C. However, Saxe listed numerous tasks that either Marks failed to perform or performed unsatisfactorily during this time and Saxe blamed it on the extensive time Marks was putting toward his campaign. Mot. for Summ. J. 7, ECF No. 41. Saxe had sent emails to Marks indicating his dissatisfaction with Marks' campaign interfering with his work performance. Id. at

5–6. Saxe testified that as early as June 2015, he had started to express frustration with Marks' failure to meet deadlines and failure to communicate his status on the projects to which he was assigned. Id. at 6-7. In fact, Saxe stated he considered terminating Marks as early as August 2015 for poor attitude and lackluster performance. Id. at 7.

On February 25, 2016, Marks left work early after feeling ill. Compl. ¶ 38, ECF No. 1, Ex. 1. The next day, Larry Tokarski, Saxe's controller, informed Marks that Saxe instructed Tokarski to withhold pay for the missed day. Id. at ¶ 40. Marks told Tokarski that pursuant to 29 CFR 541.602, he was a salaried exempt employee and entitled to pay for taking less than a full day off while feeling ill. Id. at ¶¶ 41–42. Saxe eventually paid Marks for the missed day. Marks contemporaneously claimed he told Tokarski that withholding his pay would be a violation of the Fair Labor Standards Act ("FLSA"), that he wanted to see employee payroll records from the previous three years, and to relay the message to Saxe. Pl.'s Resp. 5, ECF No. 44. However, after Tokarski testified he never received or relayed the message, Marks admitted he did not know if Tokarski did in fact inform Saxe. Mot. for Summ. J. 9, ECF No. 41.

Marks claims that after February 26, 2016, he began to inspect payroll records through Saxe's Paychex portal to see if other employees were victims of similar FLSA violations. Pl.'s Resp. 5, ECF No. 44. Marks also claims that in late February, he began an OSHA investigation after dangerous welding practices were not yet listed as fixed. Id. at 4. Marks claims that Saxe must have been aware of both investigations. On March 2, 2016, Saxe terminated Marks' employment stating that he was unsatisfied with Marks' work performance. Mot. for Summ. J. 22, ECF No. 41. Marks testified that he did not believe his termination had anything to do with his political campaign, and, rather, the catalyst was his investigation into illegal payroll practices and safety violations. Marks Dep. 56:14-57:15, ECF No. 41, Ex. C.

Immediately following his termination, Marks filed an OSHA complaint and a complaint with the Labor Commission for FLSA violations. Mot. for Summ. J. 10. On June 22, 2017, Marks commenced this action in state court alleging three causes of action: (1) retaliation under the FLSA, 29 U.S.C. § 215, (2) a violation of NRS 613.040, which states that it is unlawful for an employer to prohibit or prevent an employee from engaging in politics or becoming a

1    candidate for public office; and (3) tortious discharge under Nevada common law.

2    On August 4, 2017, Saxe removed the action because original jurisdiction over the FLSA retaliation claim existed pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1441(b); Notice of Removal, ECF No. 1. The Court attained supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. 1367(a).

## II.    Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Additionally, a party cannot create an issue of fact precluding summary judgment by an affidavit contradicting his prior deposition testimony. Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1225 (9th Cir. 2005) (citing Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir.1991).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

### III.   Analysis

#### A.  FLSA Retaliation Claim

Section 215(a)(3) of the Fair Labor Standards Act provides that:

> It is unlawful for any person to discharge in any other manner, or in any other manner discriminate against any other employee because such employee has filed any complaint or instituted, or caused to be instituted, any proceeding under or related to the Fair Labor Standards Act.

29 U.S.C. § 215(a)(3) (2018).

The Court applies the McDonnell Douglas test in connection with these cases. See Knuf v. ATC/ANCOM, Inc., No. CV-N-97-33-HDM (PHA), 1998 WL 390076, at * 1 (D. Nev. 1998). The Court looks, first, to see if the plaintiff has established a prima facie case of retaliation. See Id. The defendant must then provide a legitimate, nondiscriminatory reason for the action. See Id. If the defendant does so, the plaintiff must show that the proffered reason is pretextual. See Id.

To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in an activity which was protected by the FLSA, (2) that he suffered a contemporaneous, adverse action by the employer, and (3) that a causal connection exists between the employee's activity and the employer's adverse action. See Id.

If it is alleged that the adverse employment action was based on protected and unprotected activities, the plaintiff has the obligation to show that their protected activities were

- 4 -

a substantial factor in the adverse employment decision or action. Id. at *2. This standard can be satisfied where the adverse action would not have been taken, but for the protected activity. Id.

Saxe contends, that based on the evidence, Marks has failed to establish a prima facie case of retaliation because, although he suffered an adverse action, he did not engage in protected activity, nor did the alleged protected activity cause the adverse action. The Court finds no genuine issue of material fact exists as to whether Marks engaged in protected activity.

"To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011). This standard can be met by both written and oral complaints. Id. However, "not all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3)." Rosenfield v. GlobalTranz Enters., Inc., 811 F.3d 282, 286 (9th Cir. 2015) (citing Lambert v. Ackerley, 180 F.3d 997, 1007 (9th Cir. 1999)).

Additionally, when determining whether an employee has "filed any complaint," the employee's role or job title often is an important contextual element. Rosenfield, 811 F.3d at 286. Depending on the circumstances, a reasonable employer may not understand a "complaint", asserted by an employee tasked with ensuring FLSA compliance, as an assertion of rights protected by the statute. Id. However, unlike other circuits which adopted a manager-specific standard regarding complaints from employees charged with ensuring FLSA compliance, the Ninth Circuit maintains the "fair notice" rule of Kasten. Id. at 287. Compare with McKenzie v. Renberg's Inc., 94 F.3d 1478, 1486–87 (10th Cir. 1996) ("[T]he employee must [take certain actions] or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA." (emphasis added)). Accordingly, an employee's position is only one consideration in the contextual analysis and the question of fair notice must be resolved on a case-by-case basis. Rosenfield, 811 F.3d at 287; see also Lambert, 180 F.3d at 1008 (whether a complaint has been filed that provides adequate notice to the employer is a question "to be resolved as a matter of factual analysis on a case-by-case basis.").

The Court agrees with Saxe's contention that both the content and context of Marks' alleged complaint failed to reasonably put Saxe on notice that Marks was asserting his rights protected by the statute. Regarding the context, Marks' role as general counsel was, among other things, to ensure Saxe was compliant with the FLSA. Although Marks' declaration attached to his response states the contrary, per the "sham affidavit" rule, Marks cannot create an issue of fact precluding summary judgment by an affidavit contradicting his prior deposition testimony. See Kennedy, 952 F.2d at 266; see Marks Dep. 106:10-19, ECF No. 41, Ex. C. However, although Marks' role – which indicates an investigation into FLSA violations is not an assertion of protective rights – is only a consideration in the contextual analysis, the "content" of his alleged complaint is founded on conclusory and speculative theory and is therefore insufficient to raise a genuine issue of fact to defeat summary judgment. See Anheuser-Busch, Inc, 69 F.3d at 345.

Marks' claim relies only on his assumptions that Saxe must have been aware that Marks was asserting his protective rights. Marks claimed that an email between Saxe and Tokarski, sent on February 25th – the day Marks left early – indicated that Saxe was aware Marks was asserting his rights. However, the content of the email was only a discussion of how to go about paying Marks for the day he left early. See ECF No. 44, Ex. IV. Additionally, the email could not have indicated Saxe was acknowledging the existence of Marks asserting his protective rights because it was sent before Marks was aware Saxe did not want to pay him for that day. Moreover, Marks' allegation that Saxe must have been aware of Marks' probe into the Paychex software because Saxe utilized cameras and employee data tracking software in the office is conclusory and speculative at most, and is insufficient to raise an issue of material fact.

Marks argues that Saxes' failure to produce additional emails or the audio/visual and the computer tracking software records, despite document requests, indicates this information would denote that Saxe was aware of Marks' assertion of rights. See ECF No. 44, Ex. XIII (Request Nos. 6, 7, 8, 13, 16, & 19). However, upon the close of discovery, Marks did not file a motion to compel pursuant to Fed. R. Civ. P. 37. Marks cannot now complain if he failed to pursue

1  discovery diligently before summary judgment to raise an issue of genuine fact. Brae Transp.,
2  Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).

3       Furthermore, regarding Marks' conversation with Tokarski, a conversation Tokarski did
4  not recall having, Marks agreed that he did not know if Tokarski ever relayed Marks' concerns to
5  Saxe. Despite Marks' contention that this conversation showed his intent to put Saxe on notice,
6  Marks' claim that Tokarski must have informed Saxe is again conclusory and speculative and is
7  insufficient to raise an issue of material fact.

8       Lastly, Marks' contention that the fact that Saxe eventually paid him for February 25th
9  indicates Saxe was aware Marks asserted his rights also fails. Beside being conclusory and
10 speculative, the justifiable inference would be that Saxe was made aware that by law he had to
11 pay Marks, not that Marks must have asserted protection under the retaliation provision. See
12 Matsushita, 475 U.S. at 587. Accordingly, the Court finds that Marks failed to set forth specific
13 facts demonstrating a genuine factual issue for trial as to whether his alleged complaint fell
14 within the scope of the protected activity. Because the first element of the FLSA retaliation claim
15 fails, the court will not address whether there was a causal connection between the alleged
16 protected activity and the adverse action.

17      **B.  NRS 613.040 & Tortious Discharge Claims**

18      Absent the federal claim, the Court no longer has original jurisdiction and only exercises
19 supplement jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(a). The Court
20 may decline to exercise supplemental jurisdiction over remaining state law claims when the only
21 federal claims are extinguished. See 28 U.S.C. § 1367(c)(3); Parra v. PacifiCare of Az., Inc., 715
22 F.3d 1146, 1156 (9th Cir. 2013). Therefore, the Court declines to exercise supplemental
23 jurisdiction over the state law claims and remands these claims back to state court.

24   **IV.**    **Conclusion**

25      Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary
26 Judgment (ECF No. 41) is **GRANTED in part**;

27      IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for
28 Defendants and against Plaintiff on Plaintiff's claim for retaliation under the FLSA;

1          IT IS FURTHER ORDERED that Plaintiff's second and third causes of action for NRS
2  613.040 Violations and Tortious Discharge are **REMANDED** to state court.
3          Dated this 20th day of August, 2020.

_____
Kent J. Dawson
United States District Judge